LOTTINGER, Judge.
This is an appeal by Ellis Williams from an order of the State Civil Service Commission upholding his dismissal from the Louisiana Training Institute at Baton Rouge.
The facts disclose that by letter dated May 10, 1974, the director of the Department of Corrections notified appellant that he was being separated from his position at the close of business on May 15 because appellant had engaged in an altercation with one of the “students” at the institution. On that occasion, it is charged that appellant had slapped the student and then cut him with a pocket knife. Such conduct was said to be contrary to a firm departmental policy prohibiting the use of corporal punishment or force on any student at the institution.
Appellant, Ellis Williams, took a timely appeal to the State of Louisiana Civil Service Commission, and after hearing, the Commission upheld his discharge. The appellant has now taken the appeal to this court.
The appellant does not deny slapping or cutting the student, but pleads justification. He stated that the student involved, who had a “poor record”, had provoked appellant and had exhibited “very bad conduct” at L.T.I. He further stated that he was unfairly and harshly treated by his discharge and that the student at fault was receiving no punishment for his continuing infractions.
The Civil Service Commission held that the hearing established the following facts:
“1. Appellant had been employed for more than 17 years, and he was regarded as a good employee enjoying good relationships with the students in his charge.
2.Even prior to May 1, 1974, appellant had experienced difficulties with Anthony Lewis; Lewis used vile, profane and obscene language directed toward appellant.
3. Anthony Lewis was an incorrigible; he was physically large (6'2", weighing about 185 pounds); he frequently bullied and abused younger and smaller students, and he was larger than appellant.
4. On May 1, at the pharmacy and in the presence of other students and employees, Lewis used profane and obscene epithets in .addressing appellant.
5. Appellant proceeded to slap Lewis; Lewis reacted by attempting to strike appellant with a metal trash can; appellant pulled a knife from his pocket, and he inflicted a cut on Lewis which required sutures to repair.
6. The rules of conduct for employees at the institution prohibited the use of any corporal punishment on, or the doing of any physical violence to, a student except in self-defense and to subdue a student and then only to the extent required. Appellant was well aware of this requirement.”
The Commission further, in its written reasons, stated as follows:
“On the other occasions, when Lewis had orally abused appellant, the two of them had been out on the yard, or in some other open area where appellant could not get to Lewis because Lewis could run away from him. On May 1 the oral abuse was administered at a time when, and at a place where, appellant could, and did, get to Lewis in order to slap him in retaliation. . . . Appellant, by his own admission, violated the rules of the institution by striking Lewis. The rules of the institution, as described and understood by the several employees who testified, permit an employee to strike an inmate only in self-protection when attacked by an inmate (which was not the case here when appellant slap *413 ped Lewis) or in protecting institutional property from damage or destruction by an inmate. When attacked an employee is permitted to use only that degree of force necessary under the circumstances.”
There is no question but, from the testimony in the record, that Lewis was an incorrigible. L.T.I. is a penal institution and it is possible that there were several “Lew-ises” attending the institution as “students”. The fact that Lewis was not penalized acts as no benefit to the appeal taken by the appellant. The rules of the institution prohibited any employees thereof from striking any “student” except in self-defense or in protection of the property of the institution. By his own admission, the appellant first struck Lewis in return for the profane and obscene epithets Lewis used in addressing appellant. Such action on appellant’s behalf violated the rules of the institution and we feel that the Civil Service Commission was correct in upholding his dismissal.
For the reasons hereinabove assigned, the judgment of the Civil Service Commission is affirmed, all costs of this appeal to be paid by appellant.

Affirmed.