361 So.2d 267 (1978)
Hugh D. STILES
v.
DEPARTMENT OF PUBLIC SAFETY, DRIVERS' LICENSE DIVISION.
No. 12096.
Court of Appeal of Louisiana, First Circuit.
July 10, 1978.
*270 Richard C. Cadwallader, Baton Rouge, for appellant Hugh D. Stiles.
Howard P. Elliott, Baton Rouge, for appellee.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
BLANCHE, Judge.
Hugh D. Stiles was a permanent classified civil service employee of the State of Louisiana and employed as the Administrator of the Drivers' License Division of the Department of Public Safety. He had been so employed for almost ten years when he received a seven-page letter dated September 23, 1976, from his supervisor, Leroy S. Havard, stating that his employment was terminated. The letter specified eighteen reasons for his termination. After consideration by the Louisiana Civil Service Commission on appeal, the Commission found that appellant and his superior Leroy S. Havard were totally incapable of working together, that the charges indicated a definite trend of dissension and unwillingness by Stiles to accept orders or suggestions from supervisors. In conclusion, the Commission found that the appointing authority had proven "a sufficient number of charges to justify the conclusions reached in the service ratings and disciplinary actions taken" and denied the appeal.
From this ruling, plaintiff has appealed to this Court under the authority of Article 10, § 8(A) of the Louisiana Constitution of 1974. That section provides that no person who has gained permanent status in the classified state service shall be subjected to disciplinary action, such as plaintiff's dismissal, except for cause expressed in writing. It also provides the employee with the right to an appeal before the Commission, and the burden of proof on such an appeal is on the authority to fully support that the dismissal of the employee was for "cause." A classified employee may be dismissed for cause if the conduct complained of impairs the efficiency of the public service and bears a real and substantial relation to efficient and orderly operation of the public service in which the employee is engaged. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962).
The authorities also hold that the mere fact that a classified employee has *271 disagreements with co-employees or superiors, or that ill feelings arise between the employee and others, or that the employee is unpleasant to work with, or that the employee feels that his superiors are incompetent does not subject the employee to disciplinary action unless it is shown that such conduct or personality traits produce results detrimental or prejudicial to the efficiency of the public service. Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422 (1958).
Our review of the action by the Commission is as previously stated by this Court in Michel v. Department of Public Safety, Alcoholic Beverage Control Board, 341 So.2d 1161 (La.App. 1st Cir. 1976), writ denied, 343 So.2d 1078 (La.1977), i. e., that the findings must be supported by sufficient and competent evidence.
The Department of Public Safety made eighteen charges against the plaintiff in the letter of dismissal. When the matter came before the Commission, the Department of Public Safety did not introduce any evidence on Charges 6, 10 and 13. Therefore, this Court, as did the Commission, must review the remaining fifteen charges to determine if they are supported by sufficient and competent evidence and if, in their totality, they are sufficient to justify the dismissal of the employee.
Two of the remaining fifteen charges to be reviewed by this Court involve a suspension. Charge 14 was for prohibited political activity and was sustained by the Commission. Charge 16 was an unappealed suspension for negligence in withholding vital information from his supervisor.
Charge 15 involved an unappealed reprimand for failure to notify driver's licensing inspectors that they were within an administrative chain of command. Charge 18 referred to an unsatisfactory service rating.
We consider that the mention of the suspensions, reprimand and poor service ratings were proper charges to be included in a letter of dismissal, as they must be given weight in considering the ultimate question of whether or not the employee was dismissed for cause. For example, no one would deny that repeated justified suspensions would meet the general test of dismissal for cause and the particular test that the conduct complained of impairs the efficiency of public service and bears a real and substantial relation to efficient and orderly operation of the public service in which the employee is engaged.
We have considered the remaining eleven charges, i. e., Charges 1-5, 7-9, 11-12 and 17, and the competency of the evidence presented by the Department of Public Safety in connection therewith. Admittedly, some are petty and alone would not justify plaintiff's dismissal. It was also obvious that somewhere along the line it was decided that the state service would be better off without plaintiff's services, as a file was kept on any of his activities which would reflect unfavorably on his service as a state employee.
Charge 1 involved an allegation that plaintiff was advised by his supervisor on April 28,1976, that the Valley Park Driver's License Office was understaffed and that plaintiff was directed to correct the situation but no plans were formulated until July 7, 1976; and we find evidence to support this.
Charge 2 concerned plaintiff's failure to act in a situation in the Algiers licensing office on June 29, 1976, wherein plaintiff was directed to solve a personnel problem involving insubordination. There was conflicting testimony as to whether plaintiff understood that he had been given an extension in time to carry out his duties, but we must agree with the finding of the Commission that appellant did not sustain the burden of showing that the reason for his failure to comply with his supervisor's directive was that a time extension was granted.
In Charge 3 plaintiff was charged with failure to properly exercise his supervisory function in dealing with an employee who was consistently lax in submitting his daily remittances. The testimony on this charge was somewhat involved but nevertheless *272 sufficient for us to find no manifest error in the conclusion by the Commission that it was tantamount to inefficiency as an executive.
There was also ample evidence to prove Charge 4 that plaintiff failed to complete the task analyses by September 10, 1976, after having been directed to do so on July 9, 1976. The record shows that plaintiff's counterparts complied with the order, leading us to believe that the directive was not unreasonable. We do find unacceptable the defense of plaintiff that he had delegated this task to one of his subordinates. We agree with the Commission, which said: "The delegation of a task does not relieve the supervisor of the ultimate responsibility of being sure that the job is completed timely."
Charge 5 accused plaintiff of using improper procedures to requisition driver's license forms, and we find that the Commission had sufficient evidence to support this allegation. The record reflects that plaintiff subsequently corrected his requisition procedures, but, in our evaluation, we must consider that this is an example of his conduct impairing the efficiency of the Department.
In Charge 7 we are not particularly impressed with the allegation of a delay concerning a project which plaintiff himself had recommended involving the development of a program for training driver's license examiners in evaluating the skills of motorcycle operators. Nevertheless, it was proven that after plaintiff initiated the program he delegated the task and neglected to inform his supervisor that it had been delegated. Fundamental to all management systems is the duty of the subordinate to report to his immediate superior any material information.
With respect to Charge 8, we find that plaintiff issued a memorandum to his immediate subordinates stating that an error rate in excess of 10 percent by driver's license examiners was a completely unacceptable performance standard by such employees. Notwithstanding the fact that some of his employees did not meet this standard, he failed to deny to any employee a merit increase and justified the same on the grounds of a unilateral decision by him that all employees were underpaid. This conduct amounts to no more than his giving merit increases in pay to those employees not entitled thereto and violates the spirit and purpose for which such merit increases were designed. Misuse of merit pay increases, in our opinion, would produce results detrimental or prejudicial to the efficiency of the state civil service.
Charge 9, in essence, stated that the plaintiff was inaccurate and misleading in relaying information from his superior. From the evidence, we view this as a subjective conclusion and believe the appointing authority failed to carry the burden of proof as to this charge. We quote counsel in his brief to the Commission: "This is a charge about as nearly nothing as can be imagined for grown men to argue about."
In Charge 11 plaintiff was accused of opposing the destruction of "hard copies" of driver's license applications. The record reveals that plaintiff's reason for such opposition was his belief that destruction of hard copies was statutorily prohibited. There is ample evidence to show that the plaintiff's stand was taken in a good faith attempt to prevent the Department from violating a rather clear statement concerning driver's license applications (LSA-R.S. 32:409). Nevertheless, while pointing out the possible violation in destroying "hard copies," the plaintiff ended his memorandum with this cooperative language:
"Notwithstanding the information given above, we are waiting to hear from you as to the exact date that you wish us to commence this destruction, in accordance with the instructions in your Memorandum, and will follow your orders as expeditiously as possible." (Record, p. 164)
In the face of a classified civil servant attempting to point out a possible violation of the state statutes but, nonetheless, expressing a willingness to comply with the *273 directive of a superior, we find no proof to sustain the validity of this charge.
Charge 12 related to an alleged misstatement by plaintiff to subordinates as to the scope of his authority in making appointments of personnel. We differ with the Commission in its conclusion. Our reading of the record leads us to believe that plaintiff's superior had, in effect, directed that all personnel appointments had to be approved by him. When an employee-applicant had been denied a promotion, plaintiff explained the situation. The employee-applicant discussed the matter with plaintiff's superior. The truth became evident to the employee-applicant, and he was subsequently appointed to the position he sought. We can find no fault with plaintiff's telling the truth to the employee-applicant for a promotion and fail to find that this could or should be the cause of any proper complaint against plaintiff.
Lastly, we review Charge 17 that plaintiff was derelict in his duty to dismiss an employee who had taken excessive leaves and allowed a demoralizing personnel situation to deteriorate to the point that his supervisor had to take the necessary action to dismiss the employee. This charge was proven to our complete satisfaction, and we deem it to be of such significance that, standing alone, it could be sufficient cause for plaintiff's dismissal.
In summary, whether we take the totality of the charges which were proven or those serious, single, isolated charges which were proven by clear, cogent and convincing evidence, we are firmly convinced that not only did the Department of Public Safety meet the constitutional general test of proving that plaintiff should have been dismissed "for cause" but that it met the jurisprudential test of showing that his behavior adversely bore a real and substantial relation to the efficient and orderly operation of the Department.
For the reasons outlined above, we affirm the findings of the Commission, with costs assessed to plaintiff-appellant.
AFFIRMED.