ALFORD, Judge.
This is an appeal from a decision of the State Civil Service Commission ordering appellant Louisiana State University Medical Center in Shreveport to reimburse Shirley Boyd for the five days she was suspended without pay. Appellee is employed at the L.S.U. Medical Center in Shreveport as a Nursing Aide II and is serving with permanent status.
By letter dated December 22, 1980, over the signature of James R. Plaisance, Director of Personnel, appellee’s verbal suspension of five days effective December 15, 1980, through December 19, 1980, was confirmed. As cause for this action, appellee was charged with violation of the agency disciplinary policy regarding insubordination. Specifically, appellee is charged with refusing to obey the order of Ms. Lou Anna Owens, Registered Nurse III, to transport an empty cart to central medical supply.
On January 5, 1981, appellee, in proper person, filed a timely notice of appeal. A public hearing was held in Shreveport on March 11, 1982, before a referee appointed by the Commission. In an opinion dated August 20, 1982, the State Civil Service Commission ordered that appellee be reimbursed for the five days she was suspended without pay, subject to an offset in favor of appellant for any wages appellee may have received during the period of her suspension, and further, that all references to the suspension be expunged from appellee’s personnel folder.
The Commission reached the following factual determination:
Ms. Lou Ann Owens, Registered Nurse III, was appellee’s supervisor at the time of the incident giving rise to appellee’s five day suspension.
Around 1:45 p.m. on December 12, 1980, Mr. Ely was pushing a closed cart to central medical supply when Ms. Owens asked appellee instead of Mr. Ely, to take the cart.
Appellee replied that the cart was too heavy and that she needed someone to help her.
Ms. Owens replied that the cart was not too heavy and that appellee could take it by herself, as she was the only aide that was not busy at the time.
Appellee replied that it was not her duty to push the cart, but she would if someone helped her because it was too heavy.
Ms. Owens replied that she would push the cart herself. In response appellee said, “that’s your perogative.”
Ms. Owens began pushing the car to central medical supply when Mr. Harris, a male aide, said he would take it for her.
Testimony was unclear as to when ap-pellee actually received the letter of suspension. The only fact that is clear to the Commission is that on or around December 16, 1980, appellee went to Ms. Margaret E. Willis, Watchman Supervisor in Security, and showed to Ms. Willis a letter saying appellee had been suspended for five days.
Ms. Willis advised appellee to fill out a grievance form, bring it back to her and, she would take the necessary steps to have the incident investigated.
The Commission finds that the letter appellee showed to Ms. Willis on December 16, 1980, could not have been the letter of suspension because the letter of suspension was not typed and dated until December 22, 1980. The Commission finds further that what appellee showed to Ms. Willis was a copy of an incident report recommending appellee’s suspension for five days.
Appellee testified that she picked up a copy of the letter of suspension the day before the last scheduled hearing in this matter which would have been November 3,1981. No testimony was elicited by the appellant to controvert this testimony.
In its opinion, the Commission concluded that the appointing authority failed to prove that it furnished appellee detailed reasons for her suspension in writing within the time period required in Civil Service Rule 12.2. At the time the suspension was levied, Civil Service Rule 12.2 provided in pertinent part that:
*332 “(a) Any employee who is suspended without pay shall be so notified by his appointing authority on or before the effective date of the suspension. Each permanent employee so suspended shall be furnished detailed reasons therefor in writing within fifteen calendar days following the effective date of the suspension.”
Appellant maintains that the Commission erred in failing to find that it complied with Rule 12.2, or alternatively, that the Commission erred in failing to find that the non-compliance did not prejudice appellee. Additionally, appellant maintains that Rule 12.2 is directory, rather than mandatory, and any violation thereof did not result in any prejudice to appellee.
On appeal, the factual findings of the State Civil Service Commission should not be disturbed in the absence of manifest error. Department of Public Safety, Office of State Police v. Rigby, 401 So.2d 1017 (La.App. 1st Cir.1981), writ denied 406 So.2d 626 (La.1981). This court must therefore determine if the facts are supported by sufficient competent evidence and if the facts as found justify the action taken. Ryder v. Department of Health and Human Resources, 400 So.2d 1123 (La.App. 1st Cir. 1981).
We are of the opinion that the facts as found by the Commission are supported by sufficient competent evidence, however, we do not find that the facts justify the action taken by the Commission. The Commission erred in concluding that the appointing authority failed to furnish appellee with detailed reasons in writing within the fifteen calendar days of the effective date of the suspension as provided in Rule 12.2.
The Commission found as a fact that on or around December 16,1980, the day after the suspension became effective, appellee showed a Ms. Willis, a union official, a copy of an incident report recommending appel-lee’s suspension for five days. A review of this report reveals that it contains a charge of insubordination along with a description of the incident leading to the charge, as well as the action to be taken. This document clearly put appellee on notice of the charge, the reason for the charge and the sanction imposed. The formal letter of suspension which appellee later received gives essentially the same description of the incident that lead to the charge of insubordination. Appellee was not prejudiced in any way, as evidenced by her timely appeal, by the failure of the appointing authority to furnish her with a formal letter of suspension at the appropriate time.
Although a complete hearing was held by the referee, the Commission reached no conclusion as to the merits of the insubordination charge. We do not have the agency disciplinary policy, article # 23, before us, therefore we are forced to remand the matter to the Commission to determine if appellee was in fact guilty of insubordination.
REVERSED AND REMANDED.