EDWARDS, Judge.
This is an appeal from a ruling of the Louisiana Civil Service Commission (Commission) which confirmed the dismissal of Jessie Mae Smith from her employment with the Department of Public Safety and Corrections (DPSC) at the Louisiana Correctional Institute for Women (LCIW) as a Corrections Security Officer II.
Jessie Smith was notified by letter dated March 2, 1984, that she was being dismissed from her position, effective March 9, 1984. The letter stated that the reason for Ms. Smith’s dismissal was her failure to follow a direct verbal order promptly and cooperatively.
The Commission appointed a Referee who presided over the public hearing held in Baton Rouge, Louisiana, on July 12, 1984. The Referee found that DPSC had borne its burden in proving that Ms. Smith had received a call ordering her to report to work on February 14, 1984, and that she did not do so. The Commission reviewed the Referee’s findings and sustained the dismissal. Plaintiff now brings this appeal seeking reinstatement, back pay, and restoration of benefits.
Jessie Mae Smith was not scheduled to work on February 14, 1984, although she was subject to being called if needed. At approximately 6:50 p.m., Lieutenant Dorothy Kelley attempted to telephone Ms. Smith at home to tell her to report to work. Plaintiff had previously given her home telephone number to her employer and this number was listed with others on the staff roster. Lt. Kelley used the phone in the *780 staff lounge where other people were engaged in loud conversation. She testified as follows:
Okay, I said, may I speak to Jessie Smith, please? And the party at the other end said, this is Jessie Smith; what do you want? Then, I stated, Officer Smith, this is Lieutenant Kelley, I need you to come in. Then there was a silence; I could tell the phone was still off the hook because, you know, I could hear in the background and all. And I repeated over and over, Officer Smith, I said I needed you to come to work. And, everybody started laughing then, and so I, in the briefing, when we were in briefing room, so I then heard a click in my ears — I must of held the phone about 15 seconds, I guess, saying this over and over.
Plaintiff did not report for work, and later denied receiving a call from Lt. Kelley. She was terminated under the provisions of Department of Corrections Rule Seven. The validity of the rule is not in question here.
There was testimony by both sides that Lt. Kelley was not familiar with plaintiff’s voice and that Ms. Smith did not know the lieutenant’s voice either. Lt. Kelley candidly admitted that she did not know Jessie Smith and could not positively identify her voice.
Ms. Smith testified that on February 14, 1984, she was not at home in the evening. She said that two women friends visited her that day and one of them could have answered the phone. Neither of the women testified.
Plaintiff lived in a housing project of approximately 500 units in which most of the residents had no telephones. Ms. Smith stated that she allowed some of the neighbors access to her phone. This testimony was neither challenged nor rebutted. Since the plaintiff’s apartment lock was not working, it was impossible to determine how many people came and went that day.
The appointing authority has the burden of proving the charges made. “The charges must be proved by a preponderance of the evidence which means evidence of a greater weight or more convincing than that offered in opposition thereto.” Jones v. DHHR, 430 So.2d 1203, 1206 (La.App. 1st Cir.1983). In Jones, the plaintiff was discharged for refusing to carry out two direct orders which impaired the efficiency of the public service rendered by her employer, Earl K. Long Memorial Hospital. In the instant case, the plaintiff denies receiving the order directing her to report to work. The only evidence the defendant offered to prove the call was received was the indirect testimony of Lt. Kelley. Since Lt. Kelley did not know plaintiff’s voice, she was not able to verify that she had actually spoken with Ms. Smith.
The factual findings of the Civil Service Commission or Referee will not be set aside on appeal unless they are clearly wrong. Howard v. HANO, 457 So.2d 834 (La.App. 1st Cir.1984). The Commission and the Referee both held that the defendant had proved its case, i.e., that Ms. Smith actually received the order to report to work. We find that the record has too many inconsistencies to support this holding. The record shows essentially that many people had access to Ms. Smith’s telephone and that no one knows with certainty whether a call was received at that number.
The Referee held that Ms. Smith’s testimony lacked credibility. This court sees the issue as more a burden of proof problem than one of credibility. Plaintiff does not have to prove or say anything. DPSC must show by a preponderance of the evidence that it had good cause to terminate her. We find that DPSC did not carry its burden of proving that Jessie Smith refused to obey a direct order.
The Referee also erred in applying the adverse presumption set forth in Ryder v. DHHR, 400 So.2d 1123 (La.App. 1st Cir.1981). The court in Ryder noted that the defendant failed to call three witnesses who were present at the incident in question. Because no explanation was offered as to why they were not called, the court held that “it must be presumed that their *781 testimony would not have aided the [defendant’s] case.” Id. at 1126. In the instant case, there was no testimony that Ms. Smith’s two friends were in her apartment at the time Lt. Kelley called. The Referee only found that they might have been in plaintiff’s apartment at the time in question. Without some direct evidentiary basis, the Referee erred in finding that:
Appellant failed to call the other two witnesses who might have been at her home at the time this call was placed. Because their testimony would logically be part of appellant’s case, and their failure to testify being unexplained, it must be presumed that their testimony would not have aided appellant’s case.
Accordingly, we conclude that the Referee and the Civil Service Commission were in error in upholding Ms. Smith’s termination. We reverse that judgment and order plaintiff reinstated to her former position of Corrections Security Officer II, effective March 9, 1984. She is to receive back pay from that date and full restoration of all benefits, as though she had been continuously employed to the present.
In accordance with LSA-R.S. 49:113, DPSC is entitled to a credit against this judgment in the total amount of all wages and salaries earned by Ms. Smith in private employment during the period of dismissal. See Louisiana State University v. Bailey, 432 So.2d 336 (La.App. 1st Cir.1983).
REVERSED.
LANIER, J., dissents and assigns reasons and would grant rehearing.