COLE, Judge.
The issue presented in this Civil Service Commission appeal is whether or not the appointing authority carried its burden of proof in showing there was legal cause for appellant’s dismissal. An examination of the record reveals the Commission did not err in concluding legal cause existed for the dismissal; therefore, we affirm.
Appellant was employed as a Correctional Officer II at Hunt Correctional Institute. On August 1, 1979, the incident giving rise to this litigation occurred. Appellant was assigned to the gymnasium area where he was supervising a work crew of inmates.[1] Sergeant Alfred Robinson and Lieutenant Jessie Dauzart entered the gym in order to make final preparations for a boxing match which was to take place later that day. Sergeant Robinson was smoking a cigarette, in violation of the rules. Appellant approached Robinson and informed him smoking was not allowed in the gym. Robinson agreed to extinguish the cigarette and began to do so when appellant became very angry and continued to rant about the violation of the rule. Lieutenant Dauzart, concerned that a confrontation would take place in view of the nearby inmates, assured appellant the matter was settled and that he, Dauzart, would take care of Robinson and the cigarette. When appellant pressed the issue, Dauzart reassured him that Robinson was extinguishing the cigarette and told him to go back to his job. Appellant continued to argue about the cigarette and informed Dauzart he had been speaking to Robinson rather than to Dau-zart. Dauzart again ordered appellant to return to his job. Appellant testified that Lieutenant Dauzart insulted him with racial slurs. Dauzart denied making such comments and Robinson testified he heard no such remarks.[2]
When appellant walked away from Dau-zart and Robinson he went to the gym office and telephoned Major Edward Boeker, the shift supervisor. Boeker said he would come investigate the matter and all parties involved in the dispute met Major Boeker outside the gym. Boeker testified appellant stated he was going to “jump Dauzart” if Dauzart did not leave him alone. It is evident all parties were in an agitated state. Boeker instructed appellant to go to the “K building” while Boeker discussed the matter with Robinson and Dauzart. Appellant was then allowed to return to the gym where he and Dauzart again began to argue. Dauzart testified he simply wanted to explain to appellant the reason for his interference, i.e., that he wanted to preclude any confrontations in front of the inmates. Appellant testified he tried to explain his side of the story to Dauzart but was met with more racial slurs. Dauzart testified appellant became extremely angry and clenched his fists as if ready to fight. A co-employee, Joseph Tul-lier, interceded and attempted to calm appellant. Major Boeker then reassigned appellant to a dormitory for the remainder of the shift.
That night appellant went to Boeker’s officer and told him he wanted to file a disciplinary report on Dauzart. Appellant prepared a report and submitted it to Boeker. The next day Boeker asked for reports from Dauzart, Robinson and Tullier. Based upon these reports, his personal knowledge of the event, and information provided by inmates who had witnessed the incident, Boeker recommended Portis be terminated from his employment. On August 3, 1979, appellant received a letter informing him of his suspension pending his termination. Appellant filed a notice of appeal on August 15,1979, complaining of his suspension. By an undated letter appellant was in *437 formed he was terminated from his employment effective August 18, 1979.
A hearing was held before the Commission and the Commission ruled appellant had created the disturbance in the gym. The Commission also concluded appellant had failed to obey a direct order of a superi- or officer by remaining where he was and continuing to argue about the cigarette when Lieutenant Dauzart had instructed him to drop the matter and go back to his job. Therefore, the Commission denied the appeal of the suspension.[3] Appellant then filed this appeal.
It is well settled a permanent classified civil service employee may be dismissed for cause if the conduct complained of impairs the efficiency of public service and bears a real and substantial relation to the efficient and orderly operation of the public service in which the employee is engaged. Stiles v. Dept. of Pub. Saf., Drivers’ Lic. Div., 361 So.2d 267 (La.App. 1st Cir. 1978); Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (La.1962). However, the mere fact that such employee has disagreements with co-employees or with superiors does not subject the employee to disciplinary action unless it is shown that such conduct produces results detrimental or prejudicial to the efficiency of the public service. Stiles, supra; Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422 (La.1958).
We have no difficulty in concluding that appellant’s behavior in causing the disturbance, in continuing to argue about the matter, and disobeying the direct order of his superior to drop the matter and return to his job, did indeed impair the “efficient and orderly operation of the public service in which the employee is engaged.” Appellant was a correctional officer whose primary duty was to supervise the inmates and see that order and good conduct were maintained. His performance was severely impaired when he instituted the argument and then devoted his undivided attention to solving his personal problems rather than to supervising the inmates as he should have been doing. It is highly inappropriate and detrimental to the overall objectives of a correctional institution for an employee to become belligerent and to disobey the order of his superior in the presence of the inmates. We are in complete agreement with the observation made by the Commission in its opinion, which reads as follows:
“For a correctional institution to function, the inmates must recognize and yield to the authority of the correctional officers. This concept of authority is undermined when a correctional officer refuses to submit to the authority of a superior officer.”
Even in cases involving institutions other than correctional institutions this court has recognized that respect for one’s superiors and obedience to lawful orders and directives of those in charge are essential to the efficient operation of the institution. Hamilton v. La. Health & Human Resources Adm’n, 341 So.2d 1190 (La.App. 1st Cir. 1976), writ denied 1977. In Hamilton an employee of an institution for the mentally retarded arbitrarily refused to bag linens as she was instructed. We confirmed the Commission’s finding that this unjustified refusal to follow instructions constituted grounds for her dismissal.
For the foregoing reasons, the decision of the Commission is affirmed. Appellant is to pay all costs.
AFFIRMED.

. Appellant was ranked as a sergeant.

. Robinson and Portis are black. Dauzart is white.

. Mr. Portis did not file an appeal to the termination.