468 So.2d 839 (1985)
Jimmie MALONE
v.
DEPARTMENT OF CORRECTIONS, LOUISIANA TRAINING INSTITUTION-BALL.
No. 84 CA 0270.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
*840 Edward Larvadain, Jr., Alexandria, for appellant.
Jean G. Ray and Joseph E. Kopsa, Staff Attys., Dept. of Justice, Corrections Section, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
This is an appeal brought by Jimmie Malone from an opinion of the State Civil Service Commission ordering his termination from his position as Correctional Security Officer at the Louisiana Training Institute for Girls situated at Ball, Louisiana. We affirm.
Mr. Malone was advised of his termination in a letter from the appointing authority dated January 21, 1983, to be effective January 28, 1983. He appealed his termination to the State Civil Service Commission, which referred the matter to a Referee. The Referee ordered Malone reinstated, and limited his punishment to a thirty day suspension. The security officer and the appointing authority both applied for review to the Civil Service Commission, which, as we have stated, ordered Mr. Malone terminated.
There is clearly no dispute as to the facts leading up to the termination:
On May 4, 1982, Jack M. Pearce, Superintendent at L.T.I. for Girls, interviewed Malone about an unusual occurrence (about which the record says little more) on May 3, 1982 and asked appellant to write a statement as to what had happened, which appellant Malone did. Mr. Pearce gave the statement to Charles G. Halbert, Assistant Cottage Life Supervisor and Malone's superior, for safekeeping. Later on the evening of May 4, 1982, appellant came into Mr. Halbert's office with a pencil, piece of paper, and clipboard, and asked Mr. Halbert if he could make a copy of the statement for his attorney. Halbert agreed. Malone then telephoned Superintendent Pearce, and had a heated discussion with him over the telephone. At the conclusion of the conversation, after having been told by Pearce that he could not keep the statement in his possession, Malone left Halbert's office, tearing up the original and only copy of the statement as he went. About five minutes later, Halbert and Pearce went up to Malone at his station and Pearce told Malone he was suspended. Malone proceeded to rewrite the statement he had destroyed as well as he could from memory, but Pearce insisted on several corrections, which Malone proceeded to make.
The charge against Malone is one of insubordination, based upon the premise that a security guard at a quasi-military installation is held under a strict duty to obey orders of his superior. It is a well settled *841 rule, we note, that within a penal institution when the chain of command and following orders means the difference between life and death, order or disorder, orders must be strictly obeyed. Portis v. Department of Corrections, 407 So.2d 435 (La.App. 1st Cir.1981). See also Hamilton v. Louisiana Health and Human Resources Administration, 341 So.2d 1190 (La.App. 1st Cir.1977), writ refused 344 So.2d 4 (La.1977).
The standard of review to be applied in reviewing holdings of the Civil Service Commission is the manifest error standard. See Walters v. Department of Police, 454 So.2d 106 (La.1984). Here, there is no doubt that Malone, appellant, failed to obey orders given him by Superintendent Pearce and that this failure to obey orders was the base cause of his termination. In arriving at this result, bearing in mind the strict necessity of obedience of orders in a penal institution, we cannot say the Civil Service Commission was clearly wrong.
Malone, however, contends that Pearce, who charged Malone with the incident, neither saw nor heard the incident of tearing up the statement, as required by the disciplinary rules. However, Malone admitted to Pearce and Halbert that he tore up the statement. This knowledge is sufficient.
Malone further contends that he is being twice disciplined for the same offense as he was earlier denied a merit increase for the same offense. However, as the Referee aptly brought out, denial of a merit increase is not considered a disciplinary action.
Malone further insists that had Wollerson v. Department of Agriculture, 436 So.2d 1241 (La.App. 1st Cir.1983), writs denied 441 So.2d 1221 (La.1983), been followed, he would have been given merely a suspension, not terminated. However, in Wollerson, the Court of Appeal was imposing a sentence not imposed by the Civil Service Commission, while here, we are affirming the sentence of the Civil Service Commission. Furthermore, in the present case we are considering employment in a quasi-military capacity, where orders must be obeyed, while in Wollerson we considered the discipline of a purely civilian employee. The two are not parallel cases.
For the reasons set forth herein, we affirm the dismissal of Jimmie Malone, at appellant's cost.
AFFIRMED.