GAIDRY, J.
| .SUMMARY DISPOSITION
This matter comes to us on appeal from a decision of the Louisiana Civil Service Commission (the Commission) upholding the plaintiff-appellant’s termination from employment by the defendant-appellee, the Louisiana Department of Public Safety and Corrections (the Department). We affirm.
The plaintiff, Revorn Jones, was employed as a corrections master sergeant assigned to the Louisiana State Penitentiary at Angola. A corrections cadet submitted a complaint of sexual harassment against plaintiff, describing several purported incidents to which there were no third-party witnesses. As part of the internal investigation, the cadet underwent a polygraph examination conducted by an examiner also employed by the Department, and plaintiff was instructed by a supervisor to undergo a similar examination. He refused, purportedly on the grounds that the examination would not be conducted under certain conditions he requested and that the questions violated his Fifth Amendment right against self-incrimination. Plaintiff was charged with violating Rule 7, “Failure to Follow Orders — -Aggravated,” and Rule 13(q), “Malfeasance — Aggravated” (failure to cooperate in a Department investigation). Following the conclusion of internal administrative review, the Department formally notified him of his termination. Plaintiff then appealed the Department’s action to the Commission.
A security guard at a penal institution, a quasi-military installation, is held under a strict duty to obey his superior’s lawful orders. Malone v. Department of Corrections, Louisiana Training Institution — Ball, 468 So.2d 839, 840 (La.App. 1st Cir.1985). Louisiana courts have long rec-ognizedjjthat a civil service employee may be ordered to take a polygraph examination, and that the employee can be suspended or discharged for failing to do so. Evans v. DeRidder Municipal Fire and Police Civil Service Board, 01-2466, p. 6 (La.4/3/02), 815 So.2d 61, 66-67, cert. denied, 537 U.S. 1108, 123 S.Ct. 884, 154 L.Ed.2d 779 (2003).
Plaintiff cites Jackson v. Department of Health and Hospitals, 98-2772, p. 8 (La.App. 1st Cir.2/18/00), 752 So.2d 357, 363, for the proposition that “non-law-enforcement civil servants” may not be required to submit to polygraph examinations. The result in Jackson was actually based upon a number of mitigating circumstances justifying the employee’s reasonable refusal. As the Commission correctly concluded, no such mitigating factors were present in this case. Finally, plaintiffs equivocal and evasive responses to simple, direct questions on the issues of his refusal to undergo the examination and to acknowledge receipt of a written order to do so support the Commission’s determination that his account lacked credibility. The Commission’s factual findings were not manifestly erroneous, and its decision was not arbitrary, capricious, or an abuse of discretion.
DECREE
We accordingly affirm the decision of the Commission through this summary opinion, in accordance with Rules 2-16.2(A)(5), (6), (7), and (8) of the Uniform Rules of the Louisiana Courts of Appeal. *701 All costs of this appeal are assessed to the plaintiff-appellant, Revorn Jones.
AFFIRMED.