938 So.2d 109 (2006)
Eric DUNLAP
v.
LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER  Medical Center of Louisiana at New Orleans.
No. 2005-CA-1605.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
*110 Joel P. Loeffelholz, New Orleans, Counsel for Plaintiff/Appellant.
Philip H. Kennedy, LSU Health Sciences Center, Medical Center of Louisiana at New Orleans, New Orleans, Counsel for Defendant/Appellee.
Panel composed of Ad Hoc Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge Ad Hoc.
Appellant, Eric Dunlap, appeals a decision by the Louisiana Civil Service Commission, which denied his application for review of the referee's decision in this matter. For the reasons that follow, we affirm the decision of the referee.

FACTS:
Eric Dunlap was employed by Louisiana State University, Health Science Center for six years as a licensed Pharmacy Technician *111 at the Medical Center of Louisiana at New Orleans. As such, he was a permanent-status civil service employee. In Louisiana, Pharmacy Technicians are licensed under the jurisdiction of the Louisiana State Board of Pharmacy (the Board). The technicians are issued a license that is valid from July 1 to June 30 of each year, contingent upon the completion of ten hours of approved continuing education. The Board requires that the technician fill out a renewal application stating that they have performed the required ten hours of continuing education during the twelve months prior to being issued a renewed license. The Board does not require that the technician send proof of continuing education; rather, the Board requires that the technician's continuing education certificates are verified by the employing pharmacy and kept on file at their primary place of employment.
Mr. Dunlap was on sick leave from June 4, 2003 until July 29, 2003. During that time, he forwarded a renewal application to the Board and received a license valid from July 1, 2003 until June 30, 2004. Upon his return to work on July 30, 2003, he was asked to present his renewed license and certificates of continuing education to his employer. Mr. Dunlap presented continuing education certificates from a company known as Jobson, which provides continuing education programs for pharmacy technicians via the internet. Mr. Dunlap's employer noted that there appeared to be irregularities in the dates on which some of the exams were submitted and processed. He was placed on leave while the matter was investigated.
Mr. Dunlap's employer contacted the Board and the Board requested the continuing education certificates from Mr. Dunlap. Mr. Dunlap complied with the Board's request, but sent certificates to the Board that indicated he received only four hours of continuing education prior to June 30, 2003 and the remainder of the required hours after that date. The Board noted that Mr. Dunlap had signed his renewal application stating that he received the required ten hours of continuing education prior to June 30, 2003 and reserved the right to prosecute him for this matter. His license was not suspended or revoked.
Mr. Dunlap's employer terminated him for submitting falsified documents to misrepresent his required continuing education. He filed an appeal to the State Civil Service Commission. Following a hearing, the referee concluded that the employer was not unreasonable in determining that Mr. Dunlap was not trustworthy because he had submitted the altered documents to his employer and that termination was not grossly disproportionate to the offense. Mr. Dunlap filed an application requesting that the Civil Service Commission review the decision of the referee. That application was denied and this timely appeal followed.

ASSIGNMENTS OF ERROR:
In bringing this appeal, Mr. Dunlap contends the referee erred in the following respects:
(1) The referee erred in finding, by implication, that the appointing authority had carried its burden to show impairment to public service.
(2) The referee erred in finding that Mr. Dunlap did not have the required 10 hours of continuing education by the end of June 30, 2003.
(3) Alternatively, the referee erred in finding that the penalty (dismissal) was not grossly disproportionate to the alleged offense in this matter and further erred in failing to reduce the penalty from termination to a lesser sanction.
(4) The referee erred in failing to grant the relief requested by appellant, including *112 reinstatement, back pay and attorney's fees.

LAW AND DISCUSSION:
The standard of appellate review for findings of fact made by referees of the Civil Service Commission is the same as the review of district court decisions, that is, the Commission referee's factual findings should not be disturbed unless they are clearly wrong or the referee committed manifest error. Usun v. LSU Health Sciences Center Medical Center of Louisiana at New Orleans, 02-0295 (La.App. 1 Cir. 2/14/03), 845 So.2d 491. The referee's decision as to whether the disciplinary action taken is based on legal cause and commensurate with the committed offense, should not be modified unless it is arbitrary, capricious, or characterized by abuse of discretion. Id.
Article 10 § 8(A) of the Louisiana constitution provides that a classified employee may not be "subject to disciplinary action except for cause expressed in writing." Such "cause" is defined as "conduct that impairs the efficiency of the public service and bears a real and substantial relation to efficient and orderly operation of the public service in which the employee is engaged". Wopara v. State Employees' Group Benefits Program, 02-2641, (La.App. 1 Cir. 7/2/03), 859 So.2d 67, 69. The "appointing authority", in this case, Mr. Dunlap's employer, must prove by a preponderance of the evidence that the employee's conduct did impair the efficiency and operation of public service. Id.
At the hearing in this matter, a report was admitted into evidence by Robert Foley, a handwriting expert. Mr. Foley concluded that the dates below "exam submitted on" and "exam processed on" on two of the continuing education certificates, submitted by Mr. Dunlap to his employer, had been altered. Mr. Dunlap's attorney stipulated to the report. Additionally, Mr. Dunlap took the stand and admitted altering the dates on the certificate.
Syad Hafeez testified that he was the director of the pharmacy at the hospital where Mr. Dunlap worked. When he determined that the certificates submitted by Mr. Dunlap as proof of his required continuing education were altered, he contacted the human resources department of the hospital. He was told that the hospital's policy for falsification of documents is termination. Mr. Hafeez explained that as director of the pharmacy he is responsible for all of the pharmacists and pharmacy technicians. He explained that the Board expects pharmacy employees to have valid credentials and part of his job is to make sure the documents are valid. Mr. Hafeez testified that licensing agencies, such as the Board and the Joint Commission on Hospital Accreditation, would be concerned about a pharmacy technician using altered documents to obtain his license. He further explained that a pharmacy technician is responsible for assisting in preparing medications and filling prescriptions for oral and intravenous medications, including those of narcotics and controlled dangerous substances. Since the pharmacists sign off on the technician's preparation of the medications, it is important that the technician be trustworthy.
Anthony Parnell, the labor relations manager for the hospital, testified that since 1993, the hospital has implemented a policy that the penalty for falsifying documents is termination. Mr. Parnell estimated that he had been involved in an estimated one hundred other cases of falsification of documents and the penalty was always termination.
Mr. Dunlap testified that when he returned to work on July 30, 2003, he submitted his renewed license and certificates *113 of continuing education to one of his supervisors, Conrad Mornay. He was told by Mr. Mornay and Mr. Hafeez that two of these certificates were unacceptable because they showed he completed the continuing education after June 30, 2003. Mr. Dunlap explained that he submitted these tests to Jobson via the internet just before midnight on June 30, 2003, but they were dated July 1, 2003 by Jobson because Jobson used Eastern Standard Time, rather than Central Standard Time. When he was unable to locate continuing education certificates for other courses he completed prior to June 30, 2003, he changed the date on two of the certificates from July 1, 2003 to June 25, 2003. He admitted that the certificates he presented to the Board did not have altered dates.
We find no merit to Mr. Dunlap's first Assignment of Error, claiming the referee erred in finding the hospital carried its burden to show impairment to public service. Mr. Broussard, Executive Director of the Board, testified that the employing pharmacy has a duty to ascertain that every person in their department is appropriately credentialed. He explained that when Mr. Dunlap applied for license renewal, he would not have been issued a renewed license had the Board known his continuing education was not performed timely. Mr. Hafeez, director of the pharmacy where Mr. Dunlap was employed, testified that part of his job was to make sure the employees' credentials were valid. Failure to do so could jeopardize the pharmacy's license from the Board and the Joint Commission on Hospital Accreditation. Mr. Hafeez further explained the nature of Mr. Dunlap's job involves handling and preparing oral and intravenous medications, including controlled dangerous substances and narcotics. Because the pharmacists are not able to supervise every action of the pharmacy technicians, there must be trust between the pharmacist and the technicians. Mr. Hafeez testified that Mr. Dunlap's alteration of the continuing education documents rendered him untrustworthy. Based on the testimony relative to trust being necessary in the relationship between the pharmacist and the pharmacy technician, we find that Mr. Dunlap's act of altering the dates on the continuing education certificates affected that relationship thereby impairing the overall operation of the pharmacy. Additionally, the testimony indicates the licensing of the pharmacy by the Board and the hospital's accreditation could have been placed in jeopardy had it been determined that a pharmacy technician obtained his license based on altered documents.
Likewise, we find no merit to Mr. Dunlap's assertion that the referee erred in finding Mr. Dunlap did not have the required ten hours of continuing education by June 30, 2003. The documents submitted to the hospital, as well as the pharmacy board, indicate Mr. Dunlap completed only four hours of continuing education prior to June 30, 2003.
Finally, Mr. Dunlap contends the referee erred in finding the penalty of dismissal was not grossly disproportionate to the offense and in failing to grant the relief he requested. Mr. Parnell, the Labor Relations Manager for the hospital, testified that most of the estimated one hundred other cases in which an employee falsified a document involved falsification of dates related to sick leave and the penalty was always termination. As discussed above, due to the degree of trust necessary between the pharmacy technician and the pharmacist he works under, continued employment of Mr. Dunlap would have impaired the efficient operation of the pharmacy. Mandatory continuing education requirements are imposed on *114 most, if not all, licensed professionals in Louisiana. We reject appellant's argument that the falsifying of certifications of mandatory continuing education is not a serious offense and that termination is grossly disproportionate to the offense. Thus, we find the referee's refusal to modify the sanction for Mr. Dunlap's conduct was not arbitrary and capricious and was supported by the evidence.
Accordingly, after considering the law and evidence, we find the Civil Service referee did not abuse his discretion in upholding the termination imposed and affirm his decision. All costs of this appeal are assessed to the appellant, Eric Dunlap.
AFFIRMED.